## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## DURHAM DIVISION

| | | |
|---|---|---|
| VICTOR MANOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.  1:10-cv-491 |
| vs. | ) | |
| | ) | |
| ENCORE RECEIVABLE | ) | |
| MANAGEMENT, INC. | ) | **JURY DEMAND ENDORSED HEREON** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, VICTOR MANOS, by and through his attorney, M. LYNETTE HARTSELL, and for his Complaint against the Defendant, ENCORE RECEIVABLE MANAGEMENT, INC., Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute, N.C. Gen. Stat. § 58-70-90, *et seq*.

## JURISDICTION AND VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3.      Plaintiff is an individual who was at all relevant times residing in Pittsboro, North Carolina.

4.      Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2), as  he is a natural person allegedly obligated to pay a debt.

5.      At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and N.C. Gen. Stat. § 58-70-15, in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6.      On information and belief, Defendant is a corporation of the State of Kansas, which is not licensed to do business in North Carolina and which has its principal place of business in Olathe, Kansas.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7.      During or about June of 2009 (and continuing through October of 2009), representatives of Defendant began contacting Plaintiff by telephone, often multiple times per day, in attempts to collect the aforementioned alleged debt.

8.      The telephone calls from Defendant's representatives to Plaintiff often numbered more than two (2) calls per day and more than twenty (20) calls per month.

9.      Defendant's representative and/or employee misrepresented the amount and/or the status of the alleged debt in at least one of the aforementioned telephone calls.

10.     Defendant's representative and/or employee represented and/or implied that Plaintiff committed a crime by failing to pay the alleged debt in at least one of the aforementioned telephone calls.

2

11.     Further, during at least one of the aforementioned telephone calls, Defendant's representative and/or employee threatened legal action if the alleged debt was not paid immediately.

12.     However, to date, Plaintiff is unaware of any attempts by Defendant to initiate a lawsuit against Plaintiff in an attempt to collect the aforementioned alleged debt.

13.     In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

      a.    Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5);

      b.    Falsely representing the character, amount and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

      c.    Threatening to take action that could legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

      d.    Falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff, in violation of 15 U.S.C. § 1692e(7); and

      e.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

14.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, VICTOR MANOS, respectfully prays for a judgment against Defendant as follows:

3

a. Statutory damages of $1,000.00 for each violation of the FDCPA;

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c. Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the North Carolina Prohibited Practices by Collection Agencies

Engaged in the Collection of Debts from Consumers Statute)

15. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

16. In its attempts to collect the aforementioned alleged debt, Defendant violated the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute in one or more of the following ways:

a. Causing a telephone to ring or engaging Plaintiff in telephone conversation with such frequency as to constitute harassment, in violation of N.C. Gen. Stat. § 58-70-100(3);

b. Falsely representing the character, amount and/or legal status of the debt, in violation of N.C. Gen. Stat. § 58-70-110(4);

c. Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of N.C. Gen. Stat. § 58-70-95(7) and/or (8);

d. Falsely representing or implying that Plaintiff committed a crime or other conduct in order to disgrace Plaintiff, in violation of N.C. Gen. Stat. § 58-70-95(2); and

4

e.   By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with North Carolina law.

17.   As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, VICTOR MANOS, respectfully prays for judgment against Defendant as follows:

a.   Statutory damages of $4,000.00 for each violation of the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute;

b.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c.   Any other relief deemed appropriate by this Honorable Court.

## <u>JURY DEMAND</u>

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

<u>/s/ M. Lynette Hartsell</u>
M. Lynette Hartsell (9845)
Attorney for Plaintiff
1010 Lakeview Drive
Cedar Grove, NC 27231
(888) 595-9111, ext. 713 (phone)
(866) 382-0092 (facsimile)
lhartsell@attorneysforconsumers.com

5